# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 356 | **DATE** | 2/1/2012 |
| **CASE TITLE** | Biddle v. Kane County, et al | | |

**DOCKET ENTRY TEXT:**

Petitioner Nikita Biddle's petition to proceed *in forma pauperis* [4] is granted. Biddle's motion [5] for appointment of counsel is denied. Defendants Kane County, City of Aurora and Aurora Police Department are dismissed without prejudice.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Petitioner Nikita Biddle ("Biddle") seeks leave to file *in forma pauperis* her complaint against defendants Kane County, City of Aurora, Aurora Police Department, Officer Garrent Anthony Wrobel, Officer Joshua Michael Horton and other unknown police officers. Biddle seeks relief pursuant to 42 U.S.C. § 1983 for false arrest. Although the allegations are not clear, Biddle seems to be alleging either that the defendant officers arrested her based on a warrant they knew to be false or that they arrested her even though they knew she had not committed the crime.

　　　Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that she is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

　　　The Court finds that Biddle has sufficiently demonstrated that she is impoverished within the meaning of the statute. In her affidavit, Biddle states that she has been unemployed since she lost her job with LTD Commodities in August 2011. At LTD Commodities, Biddle earned $1360.00 per month. During the remainder of 2011, Biddle received $2256.00 in unemployment insurance benefits. Aside from those amounts, Biddle has no income or assets. She is unmarried and has no dependents. Based on this information, the Court concludes that Biddle has sufficiently demonstrated that she is impoverished within the meaning of the statute. The Court has also reviewed Biddle's complaint, and it does not appear to be frivolous.

　　　Although the complaint is not frivolous, Biddle names three defendants against whom she has failed to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915, the Court must dismiss any

| STATEMENT |
|---|

case if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Biddle has failed to state a claim against the municipal defendants, Kane County, City of Aurora and Aurora Police Department. First, the law does not recognize vicarious liability under § 1983, so plaintiff cannot use conduct of individual police officers to impute liability to their employers. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Second, Biddle does not allege that the constitutional violation resulted from a policy or custom of the governmental entity, as is required to state a claim against such an entity. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-691 (1978). Accordingly, the Court dismisses the case without prejudice with respect to defendants Kane County, City of Aurora and Aurora Police Department.

The Court next considers Biddle's motion for appointment of counsel. The Seventh Circuit has explained that "indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court may, in its discretion, request counsel to represent an indigent litigant if the individual has made reasonable efforts to secure counsel, if plaintiff does not appear competent to litigate a case of this difficulty on her own, and if the presence of counsel seems likely to make a difference in the outcome. *Pruitt v Mote*, 503 F.3d 647 (7th Cir. 2007); *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). Here, Biddle readily admits that she never contacted any attorneys and that the reason she has not found one is that she has not looked. Under these circumstances, the Court will not request counsel to represent Biddle.

For these reasons, the Court grants Biddle's petition to proceed *in forma pauperis* and dismisses without prejudice the case against defendants Kane County, City of Aurora and Aurora Police Department. The Court also denies Biddle's motion for appointment of counsel.